RECEIVED
IN CLERK'S OFFICE

MAY 0 5 2011

U.S. DISTRICT COURT
MID. DIST. TENN.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE _Middle_ DISTRICT OF TENNESSEE

_____ DIVISION

_Tommie Lee Griffin_ Name )
)
Prison Id. No. _#426560_ )
)
_____ Name )
)
Prison Id. No. _____ )
)
Plaintiff(s) )
)
)
v. )
)
_Eugenia R. Grayer_ Name )
)
_____ Name )
)
Defendant(s) )
)

(List the names of all the plaintiffs filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.

Civil Action No. _____
(To be assigned by the Clerk's office. Do not write in this space.)

Jury Trial ☒ Yes ☐ No

(List the names of all defendants against whom you are filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
FILED PURSUANT TO 42 U.S.C. § 1983

I. PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)

A. Have you or any of the other plaintiffs in this lawsuit filed any other lawsuits in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?

☒ Yes ☐ No

B. If you checked the box marked "Yes" above, provide the following information:

1. Parties to the previous lawsuit:

Plaintiffs _Tommie Lee Griffin_
_- vs -_
Defendants _Daniel Morrin and Steven Storck_

2. In what court did you file the previous lawsuit? _UNiTed STATE DiSTRicT COURT FOR THE NORTHERN DiSTRicT of ILLiNois - EASTERN Division_

   (If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.

3. What was the case number of the previous lawsuit? _#08-C-5776_

4. What was the Judge's name to whom the case was assigned? _Judge's MARViN E. ASPEN ANd SHARON-JohNSoN-COLMAN_

5. When did you file the previous lawsuit? _12-29-08_ (Provide the year, if you do not know the exact date.)

6. What was the result of the previous lawsuit? For example, was the case dismissed, appealed, or still pending? _STiLL PeNdiNg_

7. When was the previous lawsuit decided by the court? _12-29-2008_ (Provide the year, if you do not know the exact date.)

8. Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit.

   ☐ Yes          ☒ No

   **(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)**

II. **THE PLAINTIFF'S CURRENT PLACE OF CONFINEMENT (The following information must be provided by each plaintiff.)**

   A. What is the name and address of the prison or jail in which you are currently incarcerated? _DAVidSON COUNTY SHERiFF OFFiCE P.O. BoX 196383 NAShViLLE, TN. 37219-6383_

   B. Are the facts of your lawsuit related to your present confinement?

   ☒ Yes          ☐ No

   C. If you checked the box marked "No" in question II.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain.

   _____

   D. Do the facts of your lawsuit relate to your confinement in a Tennessee State Prison?

   ☐ Yes          ☒ No

   If you checked the box marked "No," proceed to question II.H.

E. If you checked the box marked "Yes" in question II.D above, have you presented these facts to the prison authorities through the state grievance procedure?

☐ Yes ☐ No *N/A*

F. If you checked the box marked "Yes" in question II.E above:

1. What steps did you take? *N / A*

2. What was the response of prison authorities? *N/A*

G. If you checked the box marked "No" in question II.E above, explain why not. *N/A*

H. Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)?

☐ Yes ☒ No

I. If you checked the box marked "Yes" in question II.H above, have you presented these facts to the authorities who operate the detention facility?

☐ Yes ☐ No *N/A*

J. If you checked the box marked "Yes" in question II.I above:

1. What steps did you take? _____

2. What was the response of the authorities who run the detention facility? _____

L. If you checked the box marked "No" in question II.I above, explain why not. _____

**Attach copies of all grievance related materials including, at a minimum, a copy of the grievance you filed on each issue raised in this complaint, the prison's or jail's response to that grievance, and the result of any appeal you took from an initial denial of your grievance.**

III. PARTIES TO THIS LAWSUIT

A. Plaintiff(s) bringing this lawsuit:

1. Name of the first plaintiff: *Tommie Lee Griffin*

Prison Id. No. of the first plaintiff: *# 426560*

Address of the first plaintiff: _DAVIDSON COUNTY SHERIFF OFFICE_
_P.O. BOX 196383 -- NASHVILLE, TN. 37219-6383_
· (Include the name of the institution and mailing address, including zip code.
If you change your address you must notify the Court immediately.)

2. Name of second the plaintiff: _____ N/A
   Prison Id. No. of the second plaintiff: _____ N/A

   Address of the second plaintiff: _____

   (Include the name of the institution and mailing address, including zip code.
   If you change your address you must notify the Court immediately.)

   If there are more than two plaintiffs, list their names, prison identification
   numbers, and addresses on a separate sheet of paper.

B. Defendant(s) against whom this lawsuit is being brought:

   1. Name of the first defendant: _EUGENIA ROSSETTI GRAYER,_

      Place of employment of the first defendant: _ATTORNEY AT LAW_

      The first defendant's address: _REALTORS BUILDING STE. #206_
      _306 GAY ST. NASHVILLE, TN. 37201-1199_

      Named in official capacity?        ☒ Yes        ☐ No
      Named in individual capacity"      ☒ Yes        ☐ No

2. Name of the second defendant: _____ N/A

   Place of employment of the second defendant: _____

   The second defendant's address: _____

   Named in official capacity?        ☐ Yes        ☐ No      N/A
   Named in individual capacity"      ☐ Yes        ☐ No

   If there are more than two defendants against whom you are bringing this
   lawsuit, you must list on a separate sheet of paper the name of each additional
   defendant, their place of employment, their address, and the capacity in which
   you are suing them. If you do not provide the names of such additional
   defendants, they will not be included in your lawsuit. If you do not provide
   their proper name, place of employment, and address, the Clerk will be
   unable to serve them should process issue.

# I

**1.** EUGENIA GRAYER IS BEING SUED INDIVIDUALLY AND IN HER OFFICIAL CAPACITY.

**2.** EUGENIA GRAYER, IS A "ATTORNEY AT LAW". SHE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE REPRESENTATION OF PLAINTIFF TOMMIE L. GRIFFIN IN HIS CRIMINAL CASE #2006-B-1644.

**3.** EUGENIA GRAYER IS A ATTORNEY OF THE COUNTY DAVIDSON, STATE OF TENNESSEE. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF (ATTORNEY AT LAW) AND WAS HIRED BY THE PLAINTIFF, "TOMMIE LEE GRIFFIN"

## II Facts

**4.** EUGENIA GRAYER WAS HIRED ON OR ABOUT MAY 1, 2010 AND WERE GIVEN A RETAINER FEE $1000.⁰⁰, AND WAS GIVEN AN ADDITIONAL $500.⁰⁰ THE TOTAL OF $1500.⁰⁰ SEE EXHIBIT (J+K) IT TOOK HER (2) TWO MONTH TO VISIT PLAINTIFF AT THE COUNTY JAIL, AFTER SHE RECEIVE HIS RETAINER FEE.

**5.** EUGENIA GRAYER VIOLATED MY CONSTITUTIONAL RIGHT, DUE PROCESS BY REFUSE-ING TO ALLOW ME TO PARTICIPATE IN MY OWN COURT PROCEEDING. AND REFUSE TO ALLOW PLAINTIFF TO APPEAR BEFORE A JUDGE ON HIS COURT DATE. I SAT IN A HOLDING CELL IN BACK OF THE COURT ROOM, NEVER KNOWING WHAT'S GOING ON WITH MY CASE. THERE ARE NO T.V. MONITOR OR LISTEN-ING DEVICE IN THE HOLDING CELL. SEE EX.(F)

**6.** EUGENIA GRAYER HAS AN OBLIGATION TO FORM ME ABOUT THE PROGRESS OF MY CASE. AND SHOULD KEEP PLAINTIFF INFORMED OF NEW DEVELOPMENT IN THE CASE, THE PROGRESS OF PREPARING A DEFENSE AND SHOULD PROMPTLY COMPLY WITH REASONABLE REQUEST FOR INFORMATION.

**7.** EUGENIA GRAYER WITH-HOLDING MATERIAL EVIDENCE THAT PLAINTIFF WAS ENTITLE TO REVIEW. REFUSE TO SHOW OR ALLOW PLAINTIFF TO REVIEW DISCOVERY MATERIAL.

## 5.

(A.) Two (2) Wirer-Tap Recording That She Had For 2 ½ Month
(B.) Refuse to Motion Plaintiff for a Bond Reduction Hearing.
(C.) Cancelled My Previously Bond Reduction Hearing with-out My Permission.
(D.) Refusing to File Any Motion on my Behalf. (SEE Exhibit(C.)

8. On Aug. 12, 2010 Eugenia Grayer came to the Holding cell in Back of The Court, with (2) Two Piece of Paper "Hand Written Note". And Say This is The Wirer-Tap Recording (SEE EX. A+A2). I ask Her Why can't I Listen/to or Heared The Wirer-Tap For myself She Got up-set (SEE EX.F Question (4).

In Her Show of Power and Control She Withdraw From The Case # 2006-B-1644 This was an High-Handed Display of Attorney POWER. And Refuse to Refund Plaintiff Fund in the Amount $1500.°°. (SEE EX.(I)

9. Eugenia Grayer Has Been Ineffective and Violated Plaintiff Constitutional Right SEE Affidavit's and other Materials, That Support This Complaint Mark Exhibit A-Thu-N PREPONDERANCE of Evidence

## Exhaustion of Legal Remedies III

10. Plaintiff "Tommie Lee Griffin" used The Consumer Assistance Program Procedure Available At, The Board of Professional Responsibility Supreme Court of Tennessee, To Try And Solve The Problem. On Aug. 18 2010 Plaintiff Presented The Fact Relating to This Complaint. On Mar. 7, 2011 Plaintiff was sent a Response Saying, "It's Is our Recommendation That The Fee Dispute ▬▬ BE Mediated Through The Local Fee Dispute Committee". (SEE EX.(G)

11. Plaintiff Also Contact Nashville Bar of Association on Mar. 10, 2011. On Mar. 22, 2011 Plaintiff Got a Response Saying Return This Agreement To submitt to Arbitration within (20) Twenty Day. ➤Eugenia Grayer Failed to Responsed♦ (SEE EX. (H).

12. Plaintiff Tommie Lee Griffin, Reallage and Incorporate By Reference Paragraphs 1-11.

6.

# Legal Claim IV

13. Eugenia Grayer violated Plaintiff Right And constituted freedom of speech, Deprived of Life, Liberty or Property. Excessive Bail & Fine, a Due Process. Under the First, Fifth, Eighth & Fourteenth Amendment to the United States Constitutional.

14. The Plaintiff has no plain, Adequate or complete Remedy at Law to Redress the wrongs Described Herein. Plaintiff has been And will continue to be Damages by the Unprofessional conduct, Uncaring & Reckless Behavior of the Defendant **Eugenia Grayer.** Unless this court Grants compensatory & Punitive Damages Relief which Plaintiff **Seek.**

## Prayer For Relief V

Wherefore, Plaintiff Respectfully Pray's that this court enter Judgment granting Plaintiff Tommie Lee Griffin:

15. A Declaration that the act and omissions Described Herein Violated Plaintiff Right under the Contitution and Law of the United States.

16. Compensatory Damages in the Amount #50,000°° against Defendant Eugenia Grayer.

17. Punitive Damages in the Amount $50,000°° against Defendant Eugenia Grayer.

18. A Jury Trial on all Issues Triable by Jury.

## 7.

19. PLAINTIFF COST IN THIS SUIT.

20. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST PROPER AND EQUITABLE.

## RELIEF REQUESTED VI

FOR VIOLATING PLAINTIFF CONSTITUTIONAL RIGHT, THIS HONORABLE COURT SHOULD HOLD EUGENIA GRAYER LIABLE FOR MONETARY DAMAGES. CAUSED BY HER ABUSE OF POWER UNPROFESSIONAL CONDUCT AND RECKLESS BEHAVIOR IN SUM "ONE HUNDRED THOUSAND'S DOLLAR."

DEFENDANT EUGENIA GRAYER WAS HIRED TO REPRESENT PLAINTIFF TOMMIE LEE GRIFFIN IN "GOOD FAITH". SHE WAS NOT WITHIN THE SCOPE OF HER EMPOYMENT, THEREFORE IS LIABLE FOR HER ACTS OR OMISSION

8.

## VI. CERTIFICATION

I (█) certify under the penalty of perjury that the foregoing complaint is true to the best of my (█) information, knowledge and belief.

Signature: _Tommie Lee Griffin_    Date: April 30, 2011

Prison Id. No. # 426560

Address: P.O. Box 196383 Nashville, TN. 37219-6383
    Davidson County Sheriff Office
(Include the city, state and zip code.)

Signature: _____    Date: _____

Prison Id. No. _____NONE_____    NONE

Address: _____

(Include the city, state and zip code.)

**ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT**, and provide the information listed above. If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

**ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED _IN FORMA PAUPERIS_**, if not paying the civil filing fee.

**SUBMIT THE COMPLAINT, THE REQUIRED FILING FEE, OR APPLICATION TO PROCEED _IN FORMA PAUPERIS_, TOGETHER**. Complaints received without the required filing fee or application to proceed _in forma pauperis_ will be returned. Filing fees, or applications to proceed _in forma pauperis_, received without a complaint will be returned.

9

# EXHIBIT (A)

Tommie Griffin
CD 1

I got this, Re

Guy 1 - Never gone like that, fuck 7 n that's why I dont fuck wit you

Guy 2 - I just wanna eat

(Low) Guy 1 - That's why I got sor fuckin mad.. Hit me as soon as you get some more

Guy 2 - Lou, Lou, what kind of phone you got man? You aint got none with a square end...? No, no that ain't gone work

Guy 2 - I'm fitin to go to the house, It's 9:00?

Lou - Yea

Guy 2 - Oh hell nah,

Lou -

Guy 2 - Just dont be mad @ me

Lou - Hey, what else you working wit man? You got all _ thing?

Guy 2 - Just this and that other.

Lou - You got some drop top?

Guy 2 - I'll trade if I have to

Lou - I know you wanna _ your baby man

Guy - I do, I really do, Whatever you wanna do, leave it somewhere whatever. I dont wanna tlk on the phone, for nothing

Try to get Brida Not tryna get you (Lou) involved.
4222.

Klayne Davis
Whenever you are ready just call me & its a done deal

Opens door
Sit tight.

9:22 Discover the Guy 2 is rolling as undercover.
Said Lou said he is gonna come thus, will give guy 1 a cut
Short hair, t shirt,
Lou has got all the dope Corvette in Chicago, must change tags to Blend in.
∧

Tommie Griffin                                    EXHIBIT (A2.)
CD - 1

I just wanna eat Hit me as soon as you get
That if I get to fuckm man Some more
Static, Crashing Sound to Lou, What kind of phone you got
Helecopter Sound ?

Explosion

Crashing Sound diminishes, a man's voice be is heard.
man, doing
        "OK"
Sounds appear to sound similar to an engine
Male's Voice → said words follow him
        Hears a knocking sound
                                from you"
Man says "Hello", "I'm about two minutes away" "don't leave me" "don't leave me
out"

"Hasn't been no hour"
"I'm fitta to get off the interstate"

"I promise"

CD 2.

Audit Summary







# CONSUMER ASSISTANCE PROGRAM
## BOARD OF PROFESSIONAL RESPONSIBILITY
of the
### SUPREME COURT OF TENNESSEE

1101 KERMIT DRIVE, SUITE 735
NASHVILLE, TENNESSEE 37217
TELEPHONE: (615) 361-7500
(800) 486-5714
FAX: (615) 367-2480
E-MAIL. ethics@tbpr.org
Website: www.tbpr.org

BEVERLY P. SHARPE, COUNSEL
DIRECTOR OF CONSUMER ASSISTANCE PROGRAM

September 2, 2010

Eugenia Rossetti Grayer, Esq.
Realtors Building
306 Gay St., Ste. 206
Nashville, TN 37201-1199

**RE:** **CAP File No. 10002689**
Complainant. Tommie Lee Griffin

Dear Ms Grayer:

Tommie Lee Griffin has contacted the Consumer Assistance Program (CAP) with concerns, which we are forwarding to you by an enclosure to this letter.

Your prompt and direct communication to Tommie Lee Griffin about these concerns would be appreciated. If we do not hear back from Mr. Griffin within 30 days of the date of this letter, we will consider this matter resolved as far as this program is concerned.

**Please respond to Mr. Griffin within 14 days of the date of this letter.**

Sincerely,

*Beverly P. Sharpe*

Beverly P. Sharpe, Counsel
Director of Consumer Assistance

Enclosure:     Griffin Correspondence [PV 3-4]

cc:     Tommie Lee Griffin without enclosure
        426560. CJC
        448 Second Avenue North
        Nashville, TN  37201

BPS:rpl

---

**_NOTICE TO ATTORNEY:_**  *No reply to CAP regarding this letter is needed at this time.  Your reply should be directed to the party who has contacted CAP (or their attorney), and may be oral or written, as you deem appropriate.  If the party reports to CAP that no timely reply was made, you will receive a second CAP request.  It will ask you to respond in _writing_ to the party and to _copy_ CAP.  If this second request is ignored, the file will be turned over to disciplinary counsel for further disciplinary action. Also, note that the above concerns are stated as presented to this program and no judgment has been made as to their validity at this time.*

**_NOTICE TO COMPLAINANT:_**  *If the attorney does not respond after 14 days, leave CAP a voice message or write back to CAP stating this fact, so further steps may be taken.  CAP: (800)486-5714, ext. 228*

---

EXHIBIT

EXHIBIT C.

THE LAW OFFICE OF EUGENIA R.GRAYER
REALTOR'S BUILDING•306 GAY ST•SUITE 206
NASHVILLE, TENNESSEE•37201
1-615-401-6967•1-615-469-4666

September 13, 2010

Tommie Lee Griffin
426560, CJC
448 Second Avenue North
Nashville, TN 37201

RE:  CAP File No. 10002689
     Complainant: Tommie Lee Griffin

Dear Mr. Griffin:

Good day. I am in receipt of your Complaint filed August 18, 2010 to which I received notification on September 3, 2010. I am in receipt of the Complaint. I will now respond to the specific allegations therein alleged:

**Overview**

Mr. Lee was arraigned on February 10th, 2010 before Judge Cheryl Blackburn on one count of Conspiracy to Distribute over 300 Grams of a Controlled Substance Schedule II Cocaine which is a class A felony. Mr. Lee was appointed Attorney Lonnie Maze who subsequently filed discovery. Mr. Lee sought representation on April 26th, 2010 through his family. I quoted a fee $2000 to retain and an extra $1000 if the case is set and proceeded to trial. I also allowed Mr. Lee to provide half of the payment upfront of $1000 and the rest could be provided on installment plan. I emailed a Contract of Representation to his family representative on 5-7-2010 and faxed to his representative on 5-10-2010 who agreed to the terms and provided payment. A copy of said contract is attached as Exhibit A. The email regarding the contract is Exhibit B. Payment of $1000 was provided on May 10th, 2010. I filed a Notice of Representation on May 11th, 2010. I contacted the Assistant District Attorney May 11th, 2010 via email requesting discovery information. A copy of the email and his response is attached as Exhibit C. His first court date was May 13th, 2010. The matter was reset

My response to his allegations reflects his enumerated allegations as following:

I.    **Refusal to Allow**

Allegation: Ms. Grayer herself continues to violate my constitutional rights by refusing to allow me to participate in my own court proceeding. I remain in a holding cell, in back of the courtroom never entering the court room. There's no tv. monitor or listening device in

306 GAY ST • SUITE 206 • NASHVILLE, TN • 37208
PHONE: 1-615-401-6967 • FAX: 1-615-469-4666

the holding cell. I do not have a clue what's going on in the courtroom or my case.

Response: Counsel categorically denies the listed allegation. Client was informed of the proceeding. Counsel has no control over the holding facilities for the courthouse and the subsequent accommodations while pending discussion.

## II. Refusal to Provide Discovery

Allegations: Attorney Grayer also has discovery material that she refuse to show or allow me to review. 1. Discovery material 2. I ask to listen to wirer recording concern me-she refuse.

Response: Counsel categorically denies the listed allegation. Counsel was given 2 recorded cds from prior counsel, a recorded wire on July 12th, 2010 via email from the State, and 4 recorded cds on July 27th from a Detective. Counsel conducted a jail visit July 2nd, 2010 during which time Mr. Griffin listened to the recording from prior counsel. Counsel also reviewed the July 12th recording with Mr. Griffin during the July 15th court appearance in the back holding cell. Counsel provided a printed version of the prior counsel's recorded cd as well as discovery provided by the State to Mr. Griffin on July 15th, 2010 for his review. Mr. Griffin acknowledged possession of said discovery in a letter received August 25th, 2010. A copy of this letter is attached as Exhibit D. Counsel informed Mr. Griffin of the July 27th recordings and was in the process of transcribing and copying the recordings for Mr. Griffin's review prior to the requested withdrawal.

## III. Refusal to File Motions

Allegations: 3. I ask her to motion a bond reduction hearing.- she refuse 4. I ask her to file for a speedy trial.- she refuse 5. She refuse to file any motion or my behalf.

Response: Counsel categorically denies the listed allegation. Counsel had discussed the strategy not filing a bond reduction motion given Mr. Griffin's very extensive criminal history and his lack of residency in Tennessee, combined with the sentencing exposure of charged offense. Counsel also discussed the likely motions to be filed once discovery was completely received which included a Motion to Reveal the Informant. Counsel was unable to complete the filing of any motions due to the requested withdrawal.

2

IV.    **Conduct**

Allegations: Attorney Grayer unprofessional conduct, uncaring and reckless behavior in the way she's handling my case #2006-B-1644. This is a clear case of ineffective assistant of counsel, and a violation of the (8th amendment cruel and unusual punishment)("14th amendment due process of law with it's jurisdiction, the equal protection of the law)

Response: Counsel categorically denies the listed allegation.

V.    **Jail Visit/Fee**

Allegations: Attorney Grayer was hired on or about May 1, 2010 and was given the total of $1500.00. It took her (2) months to visit me at the jail to discuss my case. And she show up empty handed (no) discovery nothing but a pack of lie!!!

Response: Counsel categorically denies the listed allegation. Counsel was retained May 10th, 2010. A copy of the receipt for payment is attached as Exhibit E. Counsel appeared and discussed case with client on his first court date May 13th, 2010. Discovery had not been received by counsel at that time. The issue concerning discovery has already been addressed.

VI.    **Complaint**

Allegations: On July 15th, 2010 I complain to her about the discovery material, she stated I'll be right back and never return. "I was in the holding cell."

Response: Counsel categorically denies the listed allegation. Counsel has already addressed the issue of discovery and the events of July 15th, 2010.

VII.    **Withdrawal**

Allegations: On Aug 12, 2010 Attorney Grayer withdraw from my case reason: she feel I was asking her for to much such as: discovery material, two (2) wirer tape recording) bond reduction)-speedy trial) ect.

Response: Counsel categorically denies the listed allegation. I attended court for Mr. Griffin on August 12th, 2010. Mr. Griffin informed me on this date that he no longer desired my representation.

3

I informed the Assistant District Attorney General via email and filed a Motion to Withdraw with the Court. The email and the Motion are attached as exhibit F and G respectively. The Motion was heard and granted on August 29th, 2010 after testimony from both parties. Attorney Lonnie Maze was appointed to represent Mr. Griffin. I submitted all discovery materials to Attorney Maze including cds, paperwork, copies of any relevant work product and emails on that date.

I deny all the allegations contained in the petitioning complaint. I request that the Petition be dismissed in its entirety.

If you have any further comments or questions, I may be reached at my office number 615-401-6999. I would be glad to respond in any way. Thank you for time and consideration in this matter.

Sincerely,

Eugenia R. Grayer
Law Office of Eugenia Grayer
Realtor's Building
306 Gay St., Suite 206
Nashville, TN 37201
(615) 401-6967 office
(615) 469-4666 fax

Cc: Beverly P. Sharpe, Counsel
     Director of Consumer Assistance Program
     1101 Kermit Drive, Suite 735
     Nashville, TN 37217

Enc: Attached Exhibits A-F

4

BEVERLY P. SHARPE, COUNSEL
DIRECTOR OF CONSUMER ASSISTANCE PROGRAM
BOARD OF PROFESSIONAL RESPONSIBILITY

CAP FILE No.# 1000-2689

EXHIBIT
D.

copy

RECEIVED

OCT 0 6 2010

BOARD OF PROFESSIONAL RESPONSIBILITY
SUPREME COURT OF TENNESSEE

RE: EUGENIA R. GRAYER
REALTOR BUILDING
306 GAY ST. STE.# 206
NASHVILLE, TN. 37201-1199

DEAR: BEVERLY P. SHARPE

I RECEIVED A RESPONSE FROM MS. GRAYER, I AM DISSATISFIED WITH THE ANSWER + RESPONSE. MY ENTIRE COMPLAIN IS ABOUT MS. GRAYER REFUSING TO REPRESENT ME APPROPRIATELY.

1. ATTORNEY GRAYER: HAD A OBLIGATION TO INFORM ME ABOUT THE PROGRESS OF MY CASE. AND SHOULD KEEP ME INFORMED OF NEW DEVELOPMENT IN THE CASE. THE PROGRESS OF PREPARING A DEFENSE AND SHOULD PROMPTLY COMPLY WITH "REASONABLE" REQUEST FOR INFORMATION. (IF SHE DID, I WOULD NOT BE WRITING C.A.P. FOR "ASSISTANCE.")

2. GRAYER RESPONSED: SHE HAS NO CONTROL OVER THE HOLDING FACILITION FOR THE COURT-ROOM AND THE SUBSEQUENT ACCOMMODATION WHILE PENDING DISCUSSION. – – – –
1.G: WHEN A DEFENDANT IN CUSTODY, ARE ESCORTED INTO THE COURT-ROOM BY A BAILIFF, WHEN HIS CASE IS CALL. MS. GRAYER CHOOSE TO LEAVE ME IN THE HOLDING CELL IN BACK OF THE COURT-ROOM.

3. I DID RECEIVED DISCOVERY FROM MS. GRAYER ON JULY 15, 2010 THAT ONLY CONTAIN MATERIAL FOR KENNETH MILLER, GREGORY SWEENEY + KAVANES DAVIS ABOUT A MURDER THAT HAPPEN IN COOKVILLE DEC. 11, 2005. (THAT HAVE NOTHING TO DO WITH ME) I'M NOT CHARGE WITH MURDER OR INVOLVED IN A MURDER. 350 PAGE'S THIS IS THE DISCOVERY THAT DON'T CONCERN ME, AND WILL TURN THOSE DOCUMENT OVER TO THE BOARD OF PROFESSIONAL RESPONSIBILTY AT YOUR REQUEST.

ALSO (2) TWO PIECE OF PAPER "I" MARK EXHIBIT A + A2 NOTE SHE WROTE FROM A WIRER TAP EXHIBIT B + B2 E-MAIL AND THE INDICTMENT. (EXHIBIT A + A2 I DO NOT UNDERSTAND)

**1.**

4. I DISCOVER THAT ON JUNE 4, 2010 MS. GRAYER CANCEL MY MOTION FOR BOND REDUCTION THAT ATTORNEY **LONNIE MAZE** HAD SUBMITT. I WERE NOT AWARE OF, THIS WAS DONE WITHOUT MY PERMISSION. THAT WAS NOT HER DECISION TO MAKE. ( THIS WAS DONE WHILE I REMAINED IN THE HOLDING CELL, WITHOUT KNOWLEDGE OR CLUE ON THIS MATTER).

5. ON Aug. 12, 2010 MS. GRAYER ENTER THE HOLDING CELL AREA EPMTY HANDED WITH A LEGAL PAD. STATED SHE LISTEN TO A WIRER TAP RECORDING AND TRANSCRIBED By HAND-WRITTEN NOTE. AND PAST THEM TO ME (2) TWO PIECE OF PAPER I" MARK EXHIBIT A & A2 THIS IS HOW SHE TRANSCRIBING THE RECORDING.

I TOLD HER SHE WERE UNPROFESSIONAL IN THE WAY SHE HANDLE-ING MY CASE, By GIVEN ME NOTE I CAN'T UNDERSTAND & UNCARING FOR NOT VISITING AT THE JAIL SO I CAN LISTEN FOR MYSELF.

6. MS. GRAYER BECAME UPSET AND WITHDRAW FROM MY CASE. THIS WAS THE BEST THING FOR HER TO DO, BECAUSE SHE WAS NOT REPRESENTING ME IN "GOOD FAITH" I WAS NOT GOING TO RECEIVE A **FAIR TRIAL.**

7. ATTORNEY GRAYER HAS BEEN INEFFECTIVE; AND WORKING HAND & HAND WITH STATE ATTORNEY "**JOHN ZIMMERMAN**" TO RAIL ROAD MR. GRIFFIN. AND CONTINUSLY VIOLATING MY CONSTITUTIONAL RIGHT.
   (A) I HAVE THE RIGHT TO BE PRESENT BEFORE A JUDGE ON EVER COURT APPEARANCE. (CORRECT ME IF I'M WRONG ) ?

   (B) THE TITLE READ'S **STATE OF TENNESSEE VS TOMMIE LEE GRIFFIN** BUT I AM NOT ALLOW TO REVIEW ANY DISCOVERY ? OR APPEARE BEFORE A JUDGE. (FEB. 10. 2010 & AUG. 27, 2010 ONLY APPEARANCE )

   (C) THE ONLY TIME I SPEAK WITH MS. GRAYER IS IN THE HOLDING CELL AREA FOR (2) TWO OR (3) THREE MINUTES.

**2.**

# CONCLUSION

Mr. Griffin respectfully request this Board investigate this matter, order Ms. Grayer to return his fund. And take discipline action against Ms. Grayer for ineffective assistance of counsel & violating my constitutional right.

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct of the above statement on this day Sept. 24, 2010

Tommie Lee Griffin #426560
Tommie Lee Griffin
Davidson County Sheriff Office
P.O. Box 196383
Nashville, TN. 37219-6383


*EXHIBIT*

*E.*



# CONSUMER ASSISTANCE PROGRAM
## BOARD OF PROFESSIONAL RESPONSIBILITY
### of the
### SUPREME COURT OF TENNESSEE

BEVERLY P. SHARPE, COUNSEL
DIRECTOR OF CONSUMER ASSISTANCE PROGRAM

10 CADILLAC DRIVE, SUITE 220
BRENTWOOD, TENNESSEE 37027
TELEPHONE: (615) 361-7500
(800) 486-5714
FAX· (615) 367-2480
E-MAIL. ethics@tbpr.org
Website· www.tbpr.org

October 28, 2010

Eugenia Rossetti Grayer, Esq.
Realtors Building 306 Gay St Ste. 2
Nashville, TN  37201-1199

RE:     CAP File No. 10002689
        Tommie Lee Griffin

Dear Ms. Grayer:

We received further correspondence from Mr. Griffin and have the following questions:

1.  When Mr. Griffin's case was called from time-to-time, did you ask the court to have the bailiff bring him in from the holding cell so he could hear what was occurring in his case, even if it was only a minor matter?  If not, what were your reasons?

2.  Why was the bond hearing set by Lonnie Maze cancelled and without the knowledge or agreement of Mr. Griffin?

3   Mr. Griffin contends the discovery he was given in July 2010 was 305 pages of a murder case from 2005, which did not involve him.  How did this happen and was he ever given the correct discovery and if so, when?

4.  Why was Mr. Griffin not allowed to listen to the wiretap tape to identify voices, context and events in the background in order to assist in your assessment of the state's evidence?

5   Why do you feel your communication with Mr  Griffin was reasonable?  He claims conferences of 2-3 minutes in a holding cell just before court.  Does this give adequate time and privacy?

Please reference your CAP number above in your written response.

Sincerely,

*Beverly P. Sharpe*

Beverly P  Sharpe, Counsel
Director of Consumer Assistance

Enclosure: Griffin Correspondence [PV 7-11]

cc:  Tommie Lee Griffin

BPS·lm

EXHIBIT
F.

THE LAW OFFICE OF EUGENIA R.GRAYER
REALTOR'S BUILDING•306 GAY ST•SUITE 206
NASHVILLE, TENNESSEE•37201
1-615-401-6967•1-615-469-4666

COPY

November 9, 2010

Beverly P. Sharpe, Counsel
Director of Consumer Assistance
1101 Kermit Drive, Suite 735
Nashville, TN 37217

RECEIVED

NOV 1 5 2010

BOARD OF PROFESSIONAL RESPONSIBILITY
SUPREME COURT OF TENNESSEE

RE:  CAP File No. 10002689
     Complainant: Tommie Lee Griffin

Dear Ms Sharpe/Mr. Griffin:

Good day. I am receipt of your request for further correspondence regarding CAP File No. 10002689 received November 1st, 2010.  I will now respond to the specific questions:

1. When Mr. Griffin's case was called from time to time, did you ask the court to have the bailiff bring him in from the holding cell so he could hear what was occurring in his case, even if it was only a minor mater?  If not, what were your reasons?

   a. It is standard procedure in Davidson County Criminal Court for defendants to remain in the holding cell. He was brought before Court when the proceeding was required to be on the record and it was appropriate. Typically this applies to plea agreements, motions, and hearings before the Court.

2. Why was the bond hearing set by Lonnie Maze cancelled and without knowledge or agreement of Mr. Griffin?

   a. When first retained, I am afforded the opportunity to investigate and become familiar with the facts and circumstances of each case.  It was important to review the witnesses called by previously appointed Lonnie Maze and investigate potential witnesses that the State planned to have at the hearing as well as any documents associated with their testimony.  Mr. Griffin was notified of the change of the bond hearing as well as the strategic concerns which I addressed with him.  However, although his agreement is not required in Criminal Court, Mr. Griffin did agree with cancelling the bond motion.

3. Mr. Griffin contends the discovery he was given in July 2010 was 305 pages of a murder case from 2005, which did not involve him. How did this happen and was he ever given the correct discovery and if so, when?

a. I provided Mr. Griffin with all documentation I received and discovered in the matter. Mr. Griffin was part of a multi-defendant case stemming from 2006. Due to Mr. Griffin being out of state and incarcerated in Cook County, his case did not proceed until Tennessee regained custody of him in 2010. He was arraigned on the matter on 2-10-2010. His co-defendants, Kavares Davis, Ray Turner Jr., Gregory Sweeney, Nedwayne Thompson, Cory Crawford, and Kenneth Miller had already been sentenced. I was given two cds of discovery from his prior attorney on 6-10-10. I printed the information from these cds, which included photos, reports, wiretap summaries, surveillance summaries and more and gave them to Mr. Griffin. I also copied the discovery from his co-defendants' file and gave that information to him as well. The information from the codefendants' file was more centered n the murder as it had been a byproduct of the larger narcotics case. I received a summary reports from Agents Smitherman and Kajihara. I presented copies of these reports to Mr. Griffin. Mr. Griffin was alleged to have played a very small and limited role in a narcotics conspiracy hence the bulk of the discovery was centered on his codefendants.

4. Why was Mr. Griffin not allowed to listen to the wiretap tape to identify voices, context, and events in the background in order to assist in your assessment of the state's evidence?

a. I was provided wiretaps from the State on 6-10-10 (2 cds of discovery), 6-23-10 (recording sent via email), and 7-26-10 (4 cds of discovery). Initially, I visited Mr. Griffin in jail to review the wiretaps on July 2nd, 2010. I also utilized a laptop and flashdrive during a court appearance to listen to the wiretaps in a private holding cell. However, his request for my withdrawal and associated termination of my services, did not allow further wiretap assessment.

5. Why do you feel your communication with Mr. Griffin was reasonable? He claims conferences of 2-3 minutes in a holding cell just before court. Does this give adequate time and privacy?

a. Yes, I feel my communication with Mr. Griffin was reasonable. I conducted two jail visits. It is customary for defense counsel to confer with clients in the holding cells or in the basement which I did. I spent a lengthy period of time with Mr. Griffin discussing strategy for his case on several occasions in the private holding cells during our court appearances. Privacy is not a right in your holding cell. However, the meetings I had with him were private. The court officers would remove Mr. Griffin from the main holding cell and place him in the private holding cell for our discussions. Further, I visited him outside the courthouse at the Hill Detention Center on July 2nd and 9th.

If further assistance is required or if you have any comments or questions concerning the matter or require additional documentation, I may be reached at the information below. I would be glad to respond in any way. Thank you for time and consideration in this matter.

Sincerely,

Eugenia R. Grayer
Law Office of Eugenia Grayer
Realtor's Building
306 Gay St., Suite 206
Nashville, TN 37201
(615) 401-6967 office
(615) 469-4666 fax

Cc: Tommie Lee Griffin #426560
Davidson County Sheriff Office
P.O. Box 196383
Nashville, TN 37219-6383




*EXHIBIT*

**G.**

# CONSUMER ASSISTANCE PROGRAM
## BOARD OF PROFESSIONAL RESPONSIBILITY
### of the
### SUPREME COURT OF TENNESSEE

10 CADILLAC DRIVE, SUITE 220
BRENTWOOD, TENNESSEE 37027
TELEPHONE· (615) 361-7500
(800) 486-5714
FAX (615) 367-2480
E-MAIL CAP@tbpr.org

BEVERLY P SHARPE, COUNSEL
DIRECTOR OF CONSUMER ASSISTANCE PROGRAM

March 7, 2011

Tommie Lee Griffin
426560, DCSO
PO Box 196383
Nashville, TN 37201

RE·     CAP File No 10002689
        Eugenia Rossetti Grayer, Esquire

Dear Mr Griffin:

We reviewed your complaint concerning the attorney's fees and charges

By copy of this letter and your recent correspondence, we are informing the attorney of your concerns   It is our recommendation that the fee dispute be mediated through the local Fee Dispute Committee (FDC)

Please contact the Fee Dispute Committee to initiate proceedings.  The Committee will then contact the attorney in regard to his participation.

Sincerely,

*Beverly P. Sharpe*

Beverly P Sharpe, Counsel
Director of Consumer Assistance

Enclosure.     Fee Dispute Committee List
               Grayer Correspondence [PV 19-21]

cc·     Eugenia Rossetti Grayer, Esq  with enclosure
        Griffin Correspondence [PV 23-25, and PV 27]

BPS lc



# Nashville Bar Association

315 UNION STREET, SUITE 800 • NASHVILLE, TENNESSEE 37201
TELEPHONE (615) 242-9272 • FACSIMILE (615) 255-3026 • www.nashvillebar.org

ESTABLISHED 1831

**OFFICERS**

**ROBERT J MENDES**
**PRESIDENT**

**JOHN D KITCH**
**PRESIDENT-ELECT**

**BARBARA J PERUTELLI**
**FIRST VICE PRESIDENT**

**JOHN J. GRIFFIN JR**
**SECOND VICE PRESIDENT**

**ALISA C PETERS**
**SECRETARY**

**WM ROBERT POPE JR**
**TREASURER**

**M BERNADETTE WELCH**
**ASSISTANT TREASURER**

**BOARD OF DIRECTORS**

REBECCA C BLAIR
ROBERT E. BOSTON
C. DAWN DEANER
CHARLES K GRANT
JOHN J GRIFFIN JR.
BARBARA D HOLMES
MICHELE M. JOHNSON
DAVID RANDALL KENNEDY
JOHN D KITCH
ROBERT J MENDES
PATRICIA HEAD MOSKAL
BARBARA J. PERUTELLI
TRACY SHAW
THOMAS J. SHERRARD III
MARIETTA M SHIPLEY
EMILY A SHOUSE
MICHAEL D SONTAG
JOHN R. TARPLEY
AMANDA HAYNES YOUNG

**GIGI A. WOODRUFF**
**EXECUTIVE DIRECTOR**

Tuesday, March 22, 2011

Tommie Lee Griffin
426560 DCSO
P O. Box 196383
Nashville, TN 37201

Dear Tommie Lee

This letter is in response to your letter of 3/22/2011 regarding a fee dispute
with Eugenia Grayer.

Enclosed is a copy of the Rules and Procedures of the Fee Disputes
Committee of the Nashville Bar Association  Also enclosed is an
Agreement to Submit to Arbitration.  If you wish to pursue a hearing
under these rules, please complete the agreement and return it within
seven (7) days of your receipt of this letter.

Please note that if you do not respond within twenty (20) days, your
complaint will be dismissed, according to Article IV, Section 4.

We are also sending to the attorney involved the Fee Disputes Rules along
with an agreement to submit to Arbitration  The attorney is asked respond
within twenty (20) days.  If the attorney does not respond, the case will be
dismissed, according to Article IV, Section 4.

After we receive both completed Arbitration Agreements, the request will
be forwarded to the Fee Disputes committee chair who will contact you
with further information

Sincerely,

Vicki Shoulders
Membership Coordinator/ Office Manager

cc:     Eugenia Grayer
        306 Gay Street, Suite 206
        Nashville, TN 37201-1199

EXHIBIT

I.

# IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE
## Division III

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | |
| | ) | |
| V. | ) | No:___2006-B-1644___ |
| | ) | |
| | ) | |
| TOMMIE L. GRIFFIN | ) | |
| | ) | |

---

## MOTION TO WITHDRAW

---

Comes now Eugenia R. Grayer, counsel of record for the defendant, Tommie L. Griffin, and moves for this Court for an order permitting withdrawal from further representation of said defendant. As grounds, Counsel would state:

I was retained to represent Mr. Griffin on May 10th, 2010 on count 1 of Conspiracy to Distribute over 300 grams of Schedule II. The case was a direct presentment to criminal court. I was notified on August 12th, 2010 of Mr. Griffin's desire to terminate my representation and to seek other counsel.

Undersigned counsel moves this Court for permission to withdraw from further representation of Mr. Griffin in his single count of Conspiracy to Distribute over 300 grams of Schedule II before this Honorable Court.

Exhibit

Respectfully submitted,

_____
Eugenia R. Grayer, #23276
Attorney for Defendant
306 Gay Street, Suite 206.
Nashville, TN 37201
(615) 401-6967
(615) 469-4666

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Withdraw has been mailed or hand-delivered in Court to Assistant District Attorney General John Zimmerman, 222 2nd Avenue North, Washington Square, Suite 500, Nashville, TN 37201-1649 on this the _____ day of August, 2010.

_____
Eugenia R. Grayer

EXHIBIT I

EXHIBIT J.



RECEIPT

DATE May 10, 2010    No. 380101

RECEIVED FROM Margaret Johnson for Jimmie Griffin    $ 1000.00

One thousand dollars and no cents _____ DOLLARS

○ FOR RENT
⊘ FOR legal representation

| ACCOUNT | 2000 | 00 |
| PAYMENT | 1000 | 00 |
| BAL DUE | 1000 | 00 |

○ CASH
⊘ MONEY ORDER    FROM _____ TO _____
○ CHECK
○ CREDIT CARD    BY Eugene R Grayer

RETAINER FEE
MAY 10, 2010

EXHIBIT J

## RECEIPT

DATE 6·24·2010    No. 075575

RECEIVED FROM _Saurus Chuffin by Margret Johnson_    $ 500·00

_Five hundred dollars and 00 cents —_ _____ DOLLARS

○ FOR RENT
◉ FOR _legal representation_

| ACCOUNT | 1000 | 00 | ○ CASH |
|---------|------|----|--------|
| PAYMENT | 500  | 00 | ○ MONEY ORDER |
| BAL DUE | 500  | 00 | ◉ CHECK |
|         |      |    | ○ CREDIT CARD |

FROM _____ TO _____

BY _Eugene R Grayson_

1182

EXHIBIT
K.

ADDITIONAL FEE
JUNE 24, 2010

EXHIBIT L.

## CONTRACT FOR REPRESENTATION IN CRIMINAL CASE

WHEREAS, Tommie Griffin, is seeking to employ attorney Eugenia Grayer to represent him in Davidson County on the cases pending before Davidson County Criminal Court Division III  The amount to be charged is  $2000.00 for the narcotics case before Division III  It is agreed that a non-refundable retainer fee will be $2000 to be paid as follows  $1000 prior to start of representation with the remaining amount to be paid in bi weekly installments.

It is understood that this non-refundable retainer fee will include all the necessary legal work to ensure the best possible disposition is obtained on my behalf.  It is also understood that should the case proceed to trial, an additional $1000 is payable and due prior to trial date  It is further understood that my attorney cannot guarantee the outcome of said cases(s), but that she will do everything in her power to see that a just result is obtained

I further understand that by signing this contract the retainer fee paid is non-refundable and that the case will be disposed of in a manner that is the most advantageous to me.  It is my understanding that this non-refundable retainer is owed for the services performed by my attorney regardless of the time involved in obtaining the disposition  It is my understanding that Client must fully cooperate with Attorney and provide all information necessary and relevant to the issues involved in this matter.  This includes providing Attorney and documents related to this matter which client agrees to be responsible for acquiring, returning Attorney's calls; contacting witnesses, etc  Client understands that without full cooperation and honesty, this case cannot be adequately and professionally handled by attorney.

It is my understanding that Client further agrees to keep Attorney fully advised as to Client's whereabouts and will cooperate in the preparations of the case.  Client understands that if Client does not comply with these requirements or does not comply with payment schedule, that Attorney may ask the Court for permission to withdraw from representing Client.  Should that occur, Client would remain fully liable for any bills and expenses incurred to that date

I also understand that my attorney is going to represent me on these charges as follows. Narcotics case set is Division III in Davidson County.  If any matter arises outside of this agreement, another fee agreement will need to be discussed

This the _____ day of May, 2010

_____
ATTORNEY'S SIGNATURE

_____
BPR NUMBER

_____
CLIENT'S SIGNATURE

_____
SOCIAL SECURITY NUMBER

_____
PHONE NUMBER

_____
ADDRESS

Exhibit L.

TO
EUGENIA R. GRAYER #
306 GAY ST. SUITE 206
NASHVILLE, TN. 37201

RECEIVED
AUG 2 5 2010
BY: _____

RE: REFUND OF FUND
IN THE AMOUNT
OF $1500.00

ATTORNEY E.R. GRAYER:
　　I AM WRITING TO INFORM YOU THAT THE ONLY REASON I
RETURN THAT MATERIAL IS BECAUSE, I HAVE A COPY (:)) THAT DISCOVERY
DO-NOT CONCERN ME.　I WILL BE TURNING IT OVER TO THE "BOARD
OF PROFESSIONAL RESPONSIBILITY", TO SHOW HOW **INEFFECTIVE** YOU BEEN.

FROM THE TIME YOU ACCEPT THAT RETAINER FEE, MISS GRAYER YOU HAD A
OBIGATION TO INFORM ME ABOUT THE PROGRESS OF MY CASE. "YOU FAILED"

YOU SHOULD KEEP THE CLIENT INFORMED OF THE DEVELOPMENT'S IN THE CASE,
AND PROGRESS OF PREPAIRING THE **DEFENSE** AND SHOULD PROMPTYLY COMPLY WITH
REASONABLE REQUEST FOR INFORMATION. ( YOU INFORM ME OF NOTHING )

YOU HAVE (2) TWO WIRER TAP RECORDING , REFUSE TO ALLOW ME TO REVIEW THAT
MATERIAL.　MISS GRAYER YOU WROTE HAND-WRITTEN NOTE FROM THE WIRER TAP
THAT I CAN'T UNDERSTAND. (JUST ALLOW ME TO LISTEN TO THE TAP RECORDING)

I HAVE THOSE (2) TWO "PAGE's" NOTE's AND IT's YOUR HAND-WRITING, I'LL
BE TURNING THOSE OVER TO THE BOARD OF PROFESSIONAL RESPONSIBILITY
ALSO. (IF YOU REFUSE TO REFUND MY #1500.00)

MY EVERY INTENTION IS TO HAVE YOU "DISBAR" FROM YOUR PRACTICE
AND FILE A 42 **U.S.C.** 1983 CIVIL RIGHT COMPLAIN AGAINST YOU,
FOR VIOLATING MY 1st, 4th, 6th, 8th AND 14th AMENDMENT.

∴ This is a clear case of: INEFFECTIVE ASSISTANCE OF COUNSEL
AND GROSS's NEGLIGENCE ON YOUR PART.

County of Davidson
State of Tennessee

# Affidavit Sworn Statement

I Tommie Lee Griffin, Being sworn under oath Depose, State's That The Foregoing is True and Correct. And make upon my personal knowledge and I am competent to testify There to.

**1.** On or about May 1, 2010 Attorney Eugenia Grayer was Hired for "Tommie Lee Griffin" Legal Representation. Ms. Grayer Received A Retainer Fee of $1000.00 Dated May 10, 2010 an A Additional Fee of $500.00 Dated June 24, 2010.

She Failed To Performed The Service That was Needed, She Broke Her own Agreement By Not Fully cooperation And Honesty Providing Mr. Griffin Adequately And Professional Representation. Ms. Grayer

Refused To Allow Me To Participate In My own court Proceeding. I Remained In A Holding Cells In Back of The Courtroom, Never Entrance The Courtroom There Are No T.V. Moniter or Listening Device In The Back

Holding Cells. I would Have To Rely on Ms. Grayer word, This Is Her Decision To Leave Mr. Griffin In The Back Holding cells. She Refused To Allow Me To Review And Listening To Wirer-Tap Record, That She

Received July 12 & 27, 2010 (See Exhibit C). On Aug. 12, 2010 Ms. Grayer Enter The Holding cell with (2) Two Piece of Paper Hand written Note's saying That This Is The Wirer-Tap Recording.

IT TOOK (2) TWO MONTH BEFORE VISITING ME AT THE
COUNTY JAIL July 2, 2010, She Did NOT HAVE ANY
DISCOVERY MATERIAL OR WIRE-TAP RECORDING, C.D Nothing.

ON Aug 12, 2010 I TOLD MS GRAYER She WAS UNPROFESSIONAL IN
THE WAY she HANDLE MY CASE. She BECAME UPSET AND
With-draw FROM MY CASE REFUSING TO REFUND MY FUND /
MONEY. (I HAVE ALSO EXHAUSTION ALL OF MY LEGAL REMEDIES)

BY signed THIS DOCUMENT, VERTIFY THAT THE FACTS STATED
IN THIS DOCUMENT ARE TRUE TO THE BEST OF MY KNOWLEDGE.

SIGNATURE: _Lonnie L. Griffin_____ DATE _MAY 2, 2011_
AFFIANT
COUNTY OF _Davidson_____
STATE OF _Tennessee_____
SWORN TO AND SUBSCRIBED 2nd DAY OF _May_ 20 _11_
NOTARY PUBLIC _Granvisse_____
My COMMISSION EXPIRES _____

Granvisse L. Earl-Young
Notary Public
State Of Tennessee
My Commission Expires January 7, 2013

GRANVISSE L. EARL-YOUNG
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY

2.

" I TRUSTED you, And you're working HAND + HAND with
" D. A. John Zimmerman " To Rail-Road ME.   You're A
Rookie so START Putting your <u>FEDERAL</u> SKILL To work.

P.S.

JUST RETURN MY
FUND IN THE AMOUNT
of $ 1500.00 (•‿•)

(8) Eight Amendment

EXCESSIVE BAIL SHALL NOT BE REQUIRED, NOR EXCESSIVE
FINE IMPOSED, NOR CRUEL AND. UNUSUAL PUNISHMENT INFLICTED

<u>GROSS NEGLIGENCE</u>

*Tommie L. Griffin*

Tommie L. Griffin
# 426560
DAVIDSON COUNTY JAIL
448 2ND AVE. NORTH
NASHVILLE,  TN. 37201

EXHIBIT M

TOMMIE LEE GRIFFIN
# 426560 D.C.S.O
P.O. BOX 196383
NASHVILLE, TN. 37219-6383

RECEIVED
IN CLERK'S OFFICE

MAY 05 2011

U.S. DISTRICT COURT
MID. DIST. TENN.

RE: CIVIL RIGHT CLAIM 1983

TO THE U.S. CLERK:

ENCLOSED PLEASE FIND (2) TWO COPIES OF A 1983 CIVIL
RIGHT CLAIM/COMPLAINT, FORMA PAUPERIS, MOTION TO APPOINTMENT
OF COUNSEL, AND EXHIBIT A-THU-N. PLEASE STAMP RECEIVED
AND RETURN A COPY OF THE CIVIL RIGHT COMPLAINT CLAIM.

THANK YOU
Tommie Lee Griffin
# 426560

MAY 2, 2011

Tommie Lee Griffin #426560
Davidson County Sheriff Office
P.O. Box 196383
Nashville, TN. 37219-6383



~ RECEIVED ~
IN CLERK'S OFFICE

MAY 05 2011

U.S. DISTRICT COURT
MID DIST TENN.

Clerk, U.S. District Court
800 U.S. Courthouse
801 Broadway St.
Nashville, TN. 37203

Legal
Mail

LEGAL MAIL

Scott Bieu - Legal mail instruction.
Inmate is responsible for contents.