```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

| | |
|---|---|
| **TOMMIE LEE GRIFFIN** ] | |
|     **Plaintiff,** ] | |
| ] | |
| **v.** ] | No. 3:11-0423 |
| ] | Judge Campbell |
| **EUGENIA R. GRAYER** ] | |
|     **Defendant.** ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Eugenia Grayer, a member of the Davidson County Bar, seeking declaratory relief and damages.

In May, 2010, the plaintiff retained the defendant to represent him in a criminal matter. The plaintiff now claims that the defendant was ineffective in her representation.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S.

312 (1981); <u>Mulligan v. Schlachter</u>, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claim that his attorney was ineffective is not actionable under § 1983. When a prisoner plaintiff proceeding *pro se* has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge